## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| LATORIE M. BIVINS, | DOCKET NUMBER |
| Appellant, | DA-0752-22-0233-I-1 |
| v. | |
| DEPARTMENT OF THE ARMY, | DATE: May 2, 2024 |
| Agency. | |

# THIS ORDER IS NONPRECEDENTIAL[1]

LaTorie M. Bivins, Schertz, Texas, pro se.

Karen D. Haertl, Esquire, Fort Worth, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her involuntary resignation appeal for lack of jurisdiction. For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

The appellant was a GS-12 Contract Specialist for the U.S. Army Corps of Engineers. Initial Appeal File (IAF), Tab 1 at 1. In January 2021, she accepted a lateral transfer from Fort Worth, Texas, to Honolulu, Hawaii. IAF, Tab 8 at 6. Upon her arrival in Hawaii in March 2021, the appellant faced various difficulties, which culminated in her request for leave without pay (LWOP) beginning in July 2021. *Id.* at 6-16, 102. On October 20, 2021, the appellant sent an email to the agency, wherein she stated that she did not feel safe under the management team in Hawaii and that it was "not in [her] best interest to report to this office." *Id.* at 119. The appellant further stated, "I am making the prudent decision to remove myself for my security. I will not return until all investigations to my case are finalized and my name is vindicated." *Id.* at 120. She was still on LWOP at the time. IAF, Tab 8 at 99, 102.

On October 29, 2021, the agency directed the appellant to exercise her return rights to Fort Worth, Texas, because she was allegedly "unable to adjust to the overseas area." IAF, Tab 9 at 28-29. The appellant responded to the reassignment notice in disagreement. IAF, Tab 8 at 114-18. In her letter, she alleged that the agency denied her reasonable accommodations and that the agency reassigned her in retaliation for her complaints of a hostile work environment and to avoid processing her complaints. *Id.* at 114-15. She stated that she would not return to the office in Hawaii until her complaints were resolved. *Id.* at 116.

After several extensions to her reporting date, the appellant reported to work in Fort Worth, Texas, in January 2022. IAF, Tab 8 at 20-21. She took a period of medical leave in March 2022. IAF, Tab 9 at 33. On March 25, 2022, the appellant notified the Commander of the Fort Worth district that the section chief had "verbally attacked" her. IAF, Tab 1 at 9, 12. In response, the Commander informed the appellant that he would conduct an investigation into her allegations, and he placed her on administrative leave for 10 business days.

*Id.* at 16. On her second day of administrative leave, the appellant sent an email to the Commander stating that she was "doing a [c]onstructive discharge" due to a hostile work environment. *Id.* at 14.

The appellant filed a Board appeal, wherein she alleged that she involuntarily resigned because she did not feel safe after being verbally attacked by the section chief on March 25, 2022. IAF, Tab 1 at 5. She also alleged that she was subjected to "constant demoralizing acts," including, among other things, involuntary reassignment from the Honolulu district to the Fort Worth district during an equal employment opportunity (EEO) investigation in the Honolulu district. *Id.* The administrative judge issued a jurisdictional order notifying the appellant that the Board may lack jurisdiction over her involuntary resignation appeal. IAF, Tab 2. The appellant filed a response. IAF, Tab 8. The administrative judge then dismissed the appeal for lack of jurisdiction without holding a hearing. IAF, Tab 11, Initial Decision (ID).

## ANALYSIS

The Board lacks jurisdiction over appeals of employees' voluntary actions. *Bean v. U.S. Postal Service*, 120 M.S.P.R. 397, ¶ 7 (2013); 5 C.F.R. § 752.401(b)(9). However, the Board has recognized that employee-initiated actions that appear voluntary on their face are not always so. *Bean*, 120 M.S.P.R. 397, ¶ 7. The Board may have jurisdiction over such actions under 5 U.S.C. chapter 75 as "constructive" adverse actions. *Id.* Generally, to establish Board jurisdiction over a constructive adverse action claim, the appellant must show: (1) that she lacked a meaningful choice in the matter; and (2) it was the agency's wrongful actions that deprived her of that choice. *Id.*, ¶¶ 8, 11. When a resignation involves a directed reassignment, the Board has held that a constructive adverse action may be established by showing that the reassignment had no solid or substantial basis in personnel practice or principle. *See Caveney v. Office of Administration*, 57 M.S.P.R. 667, 670 (1993). Although an agency

may exercise its management discretion to reassign its employees as necessary to promote the efficiency of the service, it may not use its discretionary reassignment authority as a veil to improperly pressure an employee to retire or resign. *Id.* Thus, to establish entitlement to a jurisdictional hearing in such a case, the appellant must furnish nonfrivolous allegations that, if proven, could demonstrate that the reassignment was without solid or substantial basis under personnel practice and principle. *See Cartwright v. Department of Housing and Urban Development*, 54 M.S.P.R. 338, 342 (1992); 5 C.F.R. § 1201.4(s); *see also Thomas v. Department of the Navy*, 123 M.S.P.R. 628, ¶ 11 (2016) (stating that, in a constructive adverse action appeal, if an appellant makes a nonfrivolous allegation of fact that could establish Board jurisdiction, she is entitled to a hearing at which she must prove jurisdiction by preponderant evidence).

In dismissing the appeal for lack of jurisdiction, the administrative judge found that the appellant failed to nonfrivolously allege improper actions by the agency that amounted to coercion or that she had no option other than resignation. ID at 9. The administrative judge did not explicitly analyze the appellant's claim that her involuntary reassignment contributed to her involuntary resignation. In this regard, the appellant alleged that the agency wrongfully reassigned her from Honolulu to Forth Worth during an ongoing EEO investigation and that the reassignment was retaliatory for her complaints. IAF, Tab 1 at 5, Tab 8 at 114-18, 148-52. If proven, the appellant's claims could show that the reassignment had no solid or substantial basis in personnel practice or principle, and we therefore find that she is entitled to a jurisdictional hearing on her involuntary resignation claim. *See Caveney*, 57 M.S.P.R. at 671 (remanding a constructive removal appeal for a jurisdictional hearing when the appellant alleged that his retirement was involuntary because his supervisor verbally pressured him to retire and, when he refused, the agency reassigned him to a position with no real duties and told him that the position would soon be reclassified at a lower grade); *Cartwright*, 54 M.S.P.R. at 340-42 (finding that an

appellant established that he was entitled to a jurisdictional hearing in a constructive removal appeal when he resigned to avoid a directed reassignment from Philadelphia to Washington, D.C., and he alleged that the agency had no legitimate need for his services in Washington, D.C.).

We note that the appellant's pleadings repeatedly reference her requests for reasonable accommodations, which she asserts the agency denied or mishandled. IAF, Tab 1 at 5, Tab 8 at 68, 84-85, 117-18. Although an agency's denial of a reasonable accommodation to an eligible employee is a factor to be considered in determining whether the agency coerced the appellant's resignation, *see Brown v. U.S. Postal Service*, 115 M.S.P.R. 609, ¶ 16, *aff'd*, 469 F. App'x 852 (Fed. Cir. 2011), we agree with the administrative judge that the appellant had other means to challenge the alleged denial of accommodations through the appropriate channels rather than quitting, ID at 8.

## ORDER

For the reasons discussed above, we remand this case to the regional office for a jurisdictional hearing in accordance with this Remand Order.

FOR THE BOARD: 

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.